Law Office of Paul N. Cisternino, P.C.
*Attorneys for Plaintiff*
16 Briarbrook Road, Ossining, NY 10562
Phone (914) 330-1527   *paulcist20@gmail.com*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**RICHARD  STERLIN,**

|  |  |
|---|---|
| **Plaintiff,** | **VERIFIED COMPLAINT** <br> **AND JURY TRIAL DEMAND** |
| **-against-** | **INDEX NO. _____** |
|  | **ASSIGNED JUDGE:_____** |
| **WHOLE  FOODS  MARKET,  INC.,** |  |
| **Defendant.** |  |

-----------------------------------------------------------x

Plaintiff Richard Sterlin, by and through his attorney, Paul N. Cisternino, as and for his Verified Complaint, alleges as follows:

**INTRODUCTION**

1.  This is an action against the Defendant for the violation of Plaintiff's federally guaranteed constitutional and civil rights and his rights as otherwise guaranteed under law.

2.  Plaintiff seeks monetary compensation and other damages for the wrongful, illegal and unconstitutional acts of the Defendant which violated rights guaranteed to the Plaintiff under various federal and state laws, specifically Title VII of the Civil Rights Act of 1964 as amended by the Equal Employment Act of 1972, 42 U.S.C. §2000 *et seq.*,

and the New York State Human Rights Law, New York Executive Law §290 *et seq.*

3.   Plaintiff alleges herein that he was denied the equal terms, conditions and privileges of employment, subjected to discrimination based on his Muslim religion, and that he was further victimized by an unlawful termination.

## JURISDICTION AND VENUE

4.   The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5.   The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6.   Plaintiff has satisfied all procedural requirements prior to commencing this action in that he timely filed charges of discrimination with the United States Equal Employment Opportunity Commission and his complaint was dual filed with the New York State Division of Human Rights. Plaintiff requested and received a written Dismissal from the Commission and the instant complaint has been filed within ninety days of the receipt thereof.

## PARTIES

7.   Plaintiff at all times relevant herein resided within the State of New York.

8.   Upon information and belief the Defendant is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and New York Executive Law §290 *et seq.*

## ALLEGATIONS

9.   Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10. The Plaintiff is a 49 year-old Haitian male who had been employed by the Defendant as a Cook for approximately four years, working most recently at their 1095 6th Avenue New York City location.

11. During his period of working for the Defendant the Plaintiff has always acted in a competent and professional manner, without time, attendance, disciplinary nor negative performance issues of any kind (except as to any such matters under dispute herein).

12. Upon information and belief, the Plaintiff believes he was subjected to various types of discrimination and to an unlawful termination based on his being a practicing Muslim.

13. During the relevant time period, it was widely known that the Plaintiff was a dedicated, faithful, observant Muslim; however, he often heard other employees make disparaging remarks about Muslims and express anti-Muslim animosity.

14. Various Defendant supervisory personnel often denied Plaintiff's requests for a scheduling accommodation due to his religion; for example, Plaintiff's request to be given days off to worship on Fridays was denied and he had to forego attending services on those Fridays he was made to work.

15. In another example, a female employee named 'Vinetta' (last name unknown,

hereinafter "Vinetta") said that she hated Muslims after the Plaintiff had shown her a picture of his father; she also said Muslims were despicable because they had multiple wives, which was patently false.

16. Despite her often callous, abrasive and profane ways, Vinetta would eventually be promoted to supervisor; this surprised the Plaintiff because he had previously been denied promotions because it was implied that due to his religious beliefs and practices he wouldn't be available as a supervisor as needed; however, a set schedule, which Vinetta received as a supervisor, would have removed any so-called 'issues' regarding the Plaintiff's schedule from consideration.

17. On or about July 20, 2020, the Plaintiff was terminated without advanced warning, progressive discipline, or adequate or even minimal explanation.

18. The specifics behind the reason for his termination were never really provided to the Plaintiff, however, upon information and belief it was related to an 'incident' where a female coworker in the store hit the Plaintiff violently in the back with a cart; when the Plaintiff objected the woman responded in a hostile and aggressive manner; she later apologized, saying that she mistakenly thought the Plaintiff said something objectionable.

19. In a later statement the Plaintiff explained that as a "Muslim brother" it was not acceptable for anyone to be spoken to in the manner the above referenced coworker had.

20. It is the Plaintiff's belief that his being Muslim caused this unlawful, discriminatory termination; he was never provided the opportunity to offer an explanation for what allegedly occurred, nor, to Plaintiff's knowledge, was an investigation ever

conducted by the Defendant into the circumstances surrounding the Plaintiff's termination.

21. An email from Defendant's Northeast Regional Director Loraine Martinez dated July 24, 2020, stated only that the Plaintiff had been terminated for a "Major Infraction" without providing any further details as to what that infraction was.

22. To the Plaintiff's knowledge, if the Defendant has a written anti-discrimination policy, they do not properly post it, distribute it or enforce it nor do they utilize an employee handbook.

23. At the time of his termination, the Plaintiff was making approximately $48,000 per year; since being terminated, he has been unable to obtain replacement employment, despite his good faith efforts to do so.

## AS AND FOR A FIRST CAUSE OF ACTION BASED ON RELIGION UNDER TITLE VII OF THE 1964 CIVIL RIGHTS ACT

24. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "23" as though fully set forth herein.

25. By engaging in the foregoing conduct, the Defendant has violated Plaintiff's rights under Title VII, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION BASED ON RELIGION
### UNDER NEW YORK EXECUTIVE LAW §290

26. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "25" as though fully set forth herein.

27. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Richard Sterlin respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award Plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined;

2. Award reasonable attorney's fees and the costs of this action;

3. Award such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a jury trial for all claims stated herein.

Dated:  Ossining, New York
       April 27, 2021

                             Respectfully submitted,

                             Law Office of Paul N. Cisternino, P.C.
                             *Attorneys for Plaintiff*

                             */S/ Paul N. Cisternino*
                             Paul N. Cisternino (PC-0317)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**                    INDEX NO. _____

**RICHARD  STERLIN, Plaintiff**

**-against-**

**WHOLE  FOODS  MARKET,  INC., Defendant**

**VERIFIED COMPLAINT AND**

**JURY TRIAL DEMAND**

**Law Office of Paul N. Cisternino, P.C.**
**16  Briarbrook Road**
**Ossining, New York 10562**
**Tel: (914) 330-1527**
*paulcist20@gmail.com*

**- Litigation Back -**